IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

AUDREY PAGAN, ET AL.,

   Plaintiffs,

        v.

COMMONWEALTH OF PUERTO RICO, ET AL.,

   Defendants.

**Civil No. 13-1029 (SEC)**

**OPINION AND ORDER**

Before the Court are the defendants' motion to dismiss for want of subject-matter jurisdiction (Docket # 24), and the plaintiffs' oppositions thereto. Dockets # 34, 47. After reviewing the filings and the applicable law, this motion is **GRANTED**.

**Factual and Procedural Background**

In this federal-question suit, the plaintiffs — husband and wife — claim sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. They sued several defendants, including plaintiff Audrey Pagan's employer, the Commonwealth of Puerto Rico, and the Department of Sports and Recreation (collectively, the Commonwealth Defendants). Their complaint also contains pendent state-law claims under Puerto Rico Law 17, which provides that sexual harassment in employment is "an illegal and undesirable practice," P.R. Laws Ann. tit. 29, § 155; Law 69, which prohibits gender-based employment discrimination, id. § 1321; Law 100, the local broad antidiscrimination statute, id. § 146; and Articles 1802 and 1803 of the Civil Code, P.R. Laws Ann. tit. 31, §§ 5141, 5142, Puerto Rico's general tort statutes. Docket # 1.

The Commonwealth Defendants move to dismiss for lack of subject-matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), invoking Eleventh Amendment immunity. Docket # 24. Although

they concede that Title VII abrogates their Eleventh Amendment immunity, id. at 5, they nevertheless maintain that because the supplemental-jurisdiction statute, see 28 U.S.C. § 1367, does not override the Eleventh Amendment's bar on suing a state in federal court, this court is barred from exercising jurisdiction over the plaintiffs' state-law claims. Docket # 24, pp. 6-7.

The plaintiffs timely opposed. Docket # 34. They say, without much in the way of an argument, that because there is federal-question jurisdiction over their Title VII claims, the Court can exercise supplemental jurisdiction over their state-law claims.

**Standard of Review**

Rule 12(b)(1) is the appropriate vessel for challenging a court's subject-matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). Pertinently, "Eleventh Amendment immunity can be raised at any time because of its jurisdictional implications." Acevedo López v. Police Dep't, 247 F.3d 26, 28 (1st Cir. 2001).

In reviewing a motion to dismiss under this rule, the court construes the plaintiffs' allegations liberally and "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." Carroll v. United States, 661 F.3d 87, 94 (1st Cir. 2011) (internal quotation marks and citations omitted). Accordingly, courts are empowered to "[w]eigh the evidence and make factual determinations, if necessary, to determine whether it has jurisdiction to hear the case." Massachusetts Delivery Ass'n v. Coakley, 671 F.3d 33, 40 n. 8 (1st Cir. 2012) (citing Torres-Negrón v. J & N Records, LLC, 504 F.3d 151, 163 (1st Cir. 2007)). When faced with a jurisdictional challenge courts must credit the plaintiffs' well-pleaded factual averments and indulge every reasonable inference in the pleader's favor. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentín, 254 F.3d at 363). Nonetheless, it is beyond dispute that a plaintiff faced with a subject-matter jurisdiction challenge has the burden to demonstrate its existence. Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (citations omitted).

**CIVIL NO. 13-1029** Page 3

### Applicable Law and Analysis

*Eleventh Amendment immunity*

As said, the Commonwealth Defendants posit that Eleventh Amendment bars this court from exercising jurisdiction over the plaintiffs' state-law claims. The Court agrees.

The analysis starts with bedrock. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Am. XI. Although, if read literally, the Eleventh Amendment applies only to suits against a State by citizens of another State, the Supreme Court has consistently extended the scope of this Amendment to suits by citizens against their own State. E.g., Board of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 362 (2001). Such a protection, it has been said, furthers two goals: The protection of a state's treasury, and the protection of its dignitary interest of not being haled into federal court. Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. & the Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 61 (1st Cir. 2003) (citing Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743 (2002)).

While the Commonwealth of Puerto Rico is not a "State," see, e.g., Examining Bd. v. Flores de Otero, 426 U.S. 572, 594 (1976), it enjoys the protection of the Eleventh Amendment. Consejo de Salud de la Comunidad de la Playa de Ponce, Inc. v. González-Feliciano, 695 F.3d 83, 103 (1st Cir. 2012), cert. denied, 134 S. Ct. 54 (2013).[1] And the Department of Sports and Recreation is, without serious question, an arm of the Commonwealth and therefore is treated as the Commonwealth for purposes of sovereign immunity and the Eleventh Amendment.

---

[1] See also, e.g., United States v. Laboy-Torres, 553 F.3d 715, 721 (3d Cir. 2009) (O'Connor, J.); Ezratty v. Puerto Rico, 648 F.2d 770, 776 n. 7 (1st Cir. 1981) (Breyer, J.). For a comprehensive discussion of Puerto Rico's status, see Salvador E. Casellas, Commonwealth Status and the Federal Courts, 80 Rev. Jur. U.P.R. 945 (2011).

**CIVIL NO. 13-1029**                                                                                           **Page 4**

Meléndez v. Com. of Puerto Rico Pub. Recreation & Parks Admin., 845 F. Supp. 45, 51 (D.P.R. 1994); accord Irizarry-Mora v. Univ. of Puerto Rico, 647 F.3d 9, 12 (1st Cir. 2011). Cf. Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of P.R., 818 F.2d 1034, 1036 (1st Cir.1987) (Wisdom, J.).

There are, however, two exceptions to sovereign-immunity protection: When Congress abrogates the states' immunity, as in legislation enacted to enforce the Fourteenth Amendment; and when a state waives its immunity. See Va. Office for Prot. & Advocacy v. Stewart, 131 S.Ct. 1632, 1638 (2011). Here, all agree that this court has jurisdiction over the plaintiffs' claims under Title VII, which was enacted to enforce the Fourteenth Amendment. See Lipsett v. Univ. of Puerto Rico, 864 F.2d 881, 885 n. 6 (1st Cir. 1988) (citing Fitzpatrick v. Bitzer, 427 U.S. 445, 456-57 (1976)).

And barring the sovereign-immunity issue, the supplemental-jurisdiction statute, see 28 U.S.C. § 1367, would give this court jurisdiction over the plaintiffs' state-law claims. Indeed, a federal court with original jurisdiction over one claim (here, the Title VII claims) may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." § 1367(a). A claim is part of the same case or controversy if it derives "from a common nucleus of operative fact or are such that [they] . . . would ordinarily be expected to [be] tr[ied] . . . in one judicial proceeding." Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC, 730 F.3d 67, 72 (1st Cir. 2013) (citations and internal quotation marks omitted; alterations in original). As correctly argued by the plaintiffs, that standard is satisfied in this case, because the plaintiffs premise their state-law claims on the same factual allegations as their Title VII claims. The Commonwealth Defendants do not quarrel with this determination.

**CIVIL NO. 13-1029**                                                                                                             **Page 5**

But "supplemental jurisdiction under § 1367 does not override the Eleventh Amendment's bar on suing a state in federal court." Pettigrew v. Oklahoma ex rel. Oklahoma Dep't of Pub. Safety, 722 F.3d 1209, 1213 (10th Cir. 2013) (citing Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 541 (2002); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984)); see also McCormick v. Miami Univ., 693 F.3d 654, 664 (6th Cir. 2012); Roberson v. McShan, No. 05-20055, 2005 WL 2673516, *1 (5th Cir. Oct. 20, 2005) (per curiam) (unpublished). As the Supreme Court wrote, § 1367 does not "authorize district courts to exercise jurisdiction over claims against nonconsenting States." Raygor, 534 U.S. at 541. Put another way, Congress has not abrogated the Eleventh Amendment for state-law claims.

That is precisely what the Commonwealth Defendants argue. Yet the plaintiffs have failed to offer a response to this argument. In point of fact, their 16-page opposition "fail[ed] to address the only, relevant issue raised" by the Commonwealth Defendants: Whether or not "'a State can claim the immunity in relation to causes of actions under state law brought under the court's supplemental jurisdiction, despite the fact that such federal court has jurisdiction over the State through the federal action that serves as anchor.'" Docket # 41 (quoting Docket # 24, pp. 5-6). So the plaintiffs were given a final chance to "file a supplementary brief . . . on this issue," id., which they did, see Docket # 47. Their supplementary brief is equally unhelpful, however.

Their whole brief is devoted to discussing the doctrine of pendent jurisdiction, arguing that because their state-law claims share a common nucleus and substance, they may be "tried in one proceeding[ ]." Id., p. 4. That may be true so far as it goes: No one disputes that supplemental jurisdiction under § 1367 is feasible here. But again, what the Commonwealth Defendants say is that § 1367 does not override their sovereign immunity with respect to the plaintiffs' state-law claims. And the plaintiffs fail to respond to this eminently correct argument. Given the plaintiffs' failure to articulate their contention — thus making waiver applicable, see

**CIVIL NO. 13-1029** **Page 6**

United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990) — the Court dispatches this matter quickly.

Suffice it to say that, while Puerto Rico has waived its sovereign immunity in its own courts for tort claims, e.g., Díaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006) (citing P.R. Laws Ann. tit. 32, § 3077) (hereinafter Law 104), such a consent "is not a waiver of its Eleventh Amendment immunity in federal courts." See Hernández v. Texas Dep't of Human Servs., 91 F. App'x 934, 935 (5th Cir. 2004) (per curiam) (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 171 (1985) (construing Texas Law)). The First Circuit has made this much clear, finding that Puerto Rico's general tort statutes do not "contain[ ] an explicit waiver of the Commonwealth's sovereign immunity. And Law 104, . . . which abrogates the Commonwealth's immunity with respect to negligence suits filed against the Commonwealth . . . in [state courts], does not extend that waiver to suits filed in federal court." Díaz-Fonseca 451 F.3d at 33; Burgos v. Fontanez-Torres, No. 12-1641, --- F.Supp.2d ----, 2013 WL 3216063, at * 7 (D.P.R. June 27, 2013). Nor has the Commonwealth agreed to be sued in federal court for claims under Laws 17, 69, and 100, see Huertas-González v. Univ. of Puerto Rico, 520 F. Supp. 2d 304, 314-317 (D.P.R. 2007), so the same conclusion follows with respect to those claims. This ends the matter.[2]

It would serve no useful purpose to continue to cite book and verse. Because Congress has not abrogated the Eleventh Amendment for state-law claims, and because Puerto Rico has not waived sovereign immunity in federal court over the instant state-law claims, the Court is barred from exercising jurisdiction over them.

---

[2] Insofar as the plaintiffs seek injunctive relief from the Commonwealth Defendants under Law 100, see Docket # 1 ¶ 77, the Eleventh Amendment likewise denies this court jurisdiction. See Guillemard-Ginorio v. Contreras-Gómez, 585 F.3d 508, 529 (1st Cir. 2009) (construing and discussing Pennhurst). In all events, Law 100 does not even apply to the Commonwealth Defendants. Ramos-Santos v. Hernández-Nogueras, 867 F. Supp. 2d 235, 275 (D.P.R. 2012).

**CIVIL NO. 13-1029** **Page 7**

### Conclusion

For the reasons stated, the Commonwealth Defendants' motion to dismiss is **GRANTED**. The state-law claims against them are, therefore, **DISMISSED without prejudice**. Partial Judgment will be entered accordingly.

**IT IS SO ORDERED**

In San Juan, Puerto Rico, this 15th day of January, 2014.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge